UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET MARIE WOJCZYK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-30185-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND DEFENDNAT'S MOTION FOR ORDER AFFIRMING
COMMISSIONER
(Dkt. Nos. 17 and 20)

October 10, 2014

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner")[1], denying Plaintiff's applications for disability insurance benefits and supplemental security income ("SSI") benefits. See 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). The parties have filed cross-motions for judgment on the pleadings. At issue is whether the Administrative Law Judge ("ALJ") erred by failing to adopt the opinions of a treating source when reaching conclusions regarding the scope of Plaintiff's mental residual functional capacity ("RFC").

As discussed below, the ALJ properly exercised her discretion in determining what weight to give the opinion of staff at the agency where Plaintiff received bi-weekly therapy. The court will,

---

[1] The final decision was issued during the tenure of Michael J. Astrue. Carolyn W. Colvin is currently the Acting Commissioner of Social Security.

therefore, deny Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 17), and allow Defendant's Motion for Order Affirming the Decision of the Commissioner, (Dkt. No. 20).

I. DISCUSSION

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the standard of review.

A. Standard of Review

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "The findings of the Commissioner of Social Security [and his designee, the ALJ] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. 405(g). Substantial evidence means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). The Commissioner can only find a claimant is impaired if there is evidence before the Commissioner from an acceptable medical source establishing the existence of a medically determinable impairment. See 20 C.F.R. §§ 404.1508, 404.1513. Additionally, it is the Commissioner's responsibility to weigh conflicting evidence and decide issues of credibility. Rodriguez, 647 F.2d at 222.

B. Disability Standard and the ALJ's Decision

With respect to Plaintiff's claim for disability insurance benefits, Plaintiff must establish disability on or before the last date on which she was insured, March 31, 2013. Entitlement to SSI requires a showing of both disability and financial need. See 42 U.S.C. § 1381a. Here, Plaintiff's financial need is not challenged.

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

Seavey v. Barnhart, 276 F.3d at 5; see also 20 C.F.R. § 416.920(a)(4).

In the instant case, the ALJ found as follows with respect to these steps. First, Plaintiff has not engaged in substantial gainful activity since July 22, 2009. Moving to step two, the ALJ found that Plaintiff had four severe impairments: back pain, knee pain, obesity, and depression. At the third step the ALJ determined that Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Specifically, with respect to Plaintiff's mental impairments, the ALJ determined that

3

Plaintiff had only moderate difficulties in activities of daily living; social functioning; and concentration, persistence, or pace.

Continuing to step four, the ALJ found that Plaintiff's RFC allows her to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), provided that the work is further limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling; occasional interaction with the public; and requires her to learn only simple, routine directions. She concluded that even with these limitations Plaintiff was capable of performing her past relevant work of housekeeping. As a result, the ALJ determined that Plaintiff was not disabled.

Plaintiff makes two arguments challenging the ALJ's decision, but they both address the same issue — whether, when crafting the Plaintiff's RFC, the ALJ failed to give sufficient weight to the opinion of Teri Tencer-Cutler, LMHC ("Tencer-Cutler") and Sharlene Hernandez, MS, APRN, BC, PC ("Hernandez"). Tencer-Cutler and Hernandez were treating mental health providers at River Valley Counseling Center, where Plaintiff received counseling. (A.R. at 389-92.) They both signed a Mental Impairment Questionnaire for Plaintiff after she had treated at River Valley Counseling Center for approximately one year. (Tencer-Cutler/Hernandez Opinion). (A.R. at 389.) They opined that Plaintiff had extreme limitations with respect to social functioning and that her impairments would likely cause her to be absent from work at least four days per month. (A.R. at 391.) In response, the Commissioner argues that the ALJ appropriately exercised her discretion when she decided how much weight to give the Tencer-Cutler/Hernandez Opinion.

First, Plaintiff argues that the ALJ erred by not assigning controlling weight to the Tencer-Cutler/Hernandez opinion. She asserts that the ALJ should have given greater weight to the Tencer-Cutler/Hernandez opinion than she did because it came from a treating source. The Commissioner counters that it would have been error for the ALJ to grant the Tencer-Cutler/Hernandez Opinion controlling weight because neither Tencer-Cutler nor Hernandez are "acceptable medical sources"

4

within the meaning of the Social Security regulations. See 20 C.F.R. §§ 404.1513, 404.1527(c)(2), 416.902, 416.913(a), 416.927(c)(2); Social Security Ruling ("SSR") 06-03p.

Pursuant to Social Security regulations, in order for the Commissioner to determine that a claimant has a medically determinable impairment, the claimant must provide evidence from an "acceptable medical source" that establishes a medically determinable impairment. See id. In the case of mental and physical limitations (not involving ankles, feet, eyes, or speech), "acceptable medical sources" are only licensed physicians and licensed or certified psychologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). When an "acceptable medical source" is also a treating source, the Commissioner must give the source's opinion controlling weight, provided the opinion is well supported and not inconsistent with other substantive evidence. See 20 C.F.R. §§ 404.1527, 416.902, 416.927(c)(2). As neither Tencer-Cutler nor Hernandez is a licensed physician or a licensed or certified psychologist, the controlling weight requirement is not applicable to their opinion.

Plaintiff next argues that the ALJ improperly based her decision not to give controlling weight to the Tencer-Cutler/Hernandez Opinion on her belief that the opinion had been prepared in an effort to assist Plaintiff with her disability claim. In making this argument, Plaintiff ignores the fact that neither Tencer-Cutler nor Hernandez are "acceptable medical sources" and so the requirements applicable to weighing the opinions of doctors or licensed or certified psychologists are not applicable to their opinion. C.f. Gonzalez Perez v. Sec'y of Health and Human Servs., 812 F.2d 747, 749 (1st Cir. 1987); Arroyo v. Barnhart, 295 F. Supp. 2d 214 (D. Mass 2003). Additionally, the ALJ's observation that treating sources may reach unsupported conclusions out of a desire to assist their patients to obtain benefits was not directed at the Tencer-Cutler/Hernandez Opinion. Read in the full context of her decision, the ALJ's comment was clearly offered to explain why a treating source, Dr. Leon Hutt, may have stated reservations regarding Plaintiff's ability to tolerate

5

the psychological stressors associated with employment, despite an absence from his findings of support for such a conclusion. (A.R. at 23.)

Having carefully considered the ALJ's opinion and Plaintiff's concerns about the weight given to the Tencer-Cutler/Hernandez Opinion, the court finds that the ALJ was not obligated to give any greater weight to the opinion than she did.

II.     Conclusion

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 17), and ALLOWS Defendant's Motion for Order Affirming Decision of the Commissioner, (Dkt. No. 20). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

                                               /s/ Mark G. Mastroianni
                                               MARK G. MASTROIANNI
                                               United States District Judge